**98–1402. State v. Turner.**
Summit App. No. 18618. This cause is pending before the court as a discretionary appeal and claimed appeal of right. It appears from the records of this court that appellant has not filed a memorandum in support of jurisdiction, due September 25, 1998, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

**98–1422. State ex rel. Edwards v. State.**
Franklin App. No. 97APD10–1297. This cause is pending before the court as an appeal from the Court of Appeals for Franklin County. It appears from the records of this court that appellant has not filed a merit brief, due September 28, 1998, in compliance with the Rules of Practice of the Supreme Court and therefore has failed to prosecute this cause with the requisite diligence. Upon consideration thereof,

IT IS ORDERED by the court that this cause be, and hereby is, dismissed *sua sponte*.

*Monday, October 12, 1998*

# MOTION DOCKET

**94–1538. State v. Bies.**
Hamilton App. No. C–920841. Upon consideration of the motion filed by counsel for appellant to continue stay of execution in the above-styled cause pending the exhaustion of state post-conviction remedies, and it appearing from the exhibits to the motion that a petition for post-conviction relief has been filed by appellant with the Hamilton County Common Pleas Court,

IT IS ORDERED by the court that said motion be, and the same is hereby, granted.

IT IS FURTHER ORDERED by the court that execution of sentence be, and the same is hereby, stayed, pending the exhaustion of all proceedings for post-conviction relief before courts of this state, including any appeals.

IT IS FURTHER ORDERED that counsel for the appellant and for the appellee shall notify this court when all proceedings for post-conviction relief before courts of this state have been exhausted.

# DISCIPLINARY DOCKET

**94–1375. Cincinnati Bar Assn. v. Wolosin.**
This cause came on for further consideration upon the filing on July 17, 1998, by the Clients' Security Fund of a motion for order to show cause why respondent should not be found in contempt for failure to comply with this court's order of April 4, 1997. Upon consideration thereof,

IT IS ORDERED by this court, *sua sponte*, that Gary E. Wolosin, Attorney Registration No. 0008072, last known address in Cincinnati, Ohio, is found in contempt for failure to comply with this court's order of April 4, 1997. It is further ordered that this cause be referred to the Office of the Attorney General for collection.

**96–436. Columbus Bar Assn. v. Sterner.**
This cause came on for further consideration upon the filing on July 17, 1998, by the Clients' Security Fund of a motion for order to show cause why respondent should not be found in contempt for failure to comply with this court's order of December 18, 1996. Upon consideration thereof,

IT IS ORDERED by this court, *sua sponte*, that James M. Sterner, Attorney Registration No. 0034047, last known address in Columbus, Ohio, is found in contempt for failure to comply with this court's order of December 18, 1996. It is further ordered that this cause be referred to the Office of the Attorney General for collection.